### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EARLENE RENEE LYNN,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner, Social Security Administration,[1]<br><br>    Defendant. | Case No. 12-CV-270-FHM |

## OPINION AND ORDER

Plaintiff, Earlene Renee Lynn, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,*

---

[1] Effective February 14, 2013, pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's January 16, 2009, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held March 24, 2010. By decision dated April 14, 2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on January 13, 2012. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 48 years old on the alleged date of onset of disability and 49 on the date of the ALJ's denial decision.  She has a high school graduate education and formerly worked as certified nurse assistant (CNA) .  She claims to have been unable to work since December 12, 2008 as a result of degenerative joint disease of the left shoulder and left knee pain.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b), except for occasional overhead reaching with the left upper extremity.  [R. 20].  Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative

sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Appeals Council Decision

After the ALJ's decision was issued on April 15, 2010, Plaintiff submitted additional medical evidence dated from June 10, 2010 to November 28, 2011, [R. 30-114],[3] to the Appeals Council and filed new applications for disability.  The Appeals Council considered the newly submitted medical evidence, including x-rays and a consultative examination conducted on September 3, 2010 and issued a detailed decision.  [R. 3-8].

The Appeals Council noted that Plaintiff's subsequent application for benefits was granted based on the application of the Medical-Vocational Rules (grids) considering Plaintiff's attainment of age 50 and the finding that Plaintiff was limited to sedentary work. [R. 5].  The Appeals Council found that with respect to the instant case, even if Plaintiff were limited to sedentary work with no overhead reaching, based on her age (under 50), application of the relevant grid rule and the vocational expert's testimony support a finding of not disabled.

## Plaintiff's Allegations

Plaintiff argues that the ALJ failed to conduct a proper analysis of her credibility.

## Analysis

Plaintiff argues that the evidence supports her contention that she is unable to perform the requirements of light work because she cannot stand and/or walk for six hours in an eight-hour workday and cannot perform the lifting requirements.  She points to

---

[3] Some of the records submitted to the Appeals Council relate to someone other than Plaintiff.  [R. 118-124].

complaints of knee pain in June 2009, [R. 469], and x-ray studies generated after the ALJ's decision that show "a marked amount of deformity involving the right ankle region," and "almost complete obliteration of the right ankle joint" [R. 114] as supporting her inability to perform the walking and standing of light work.  Assuming, arguendo, that Plaintiff were limited to performing only sedentary work, that would not result in a finding of disability. In addition to light jobs, the vocational expert also identified unskilled sedentary work in significant numbers in the economy that Plaintiff could perform:  sedentary order clerk and sedentary machine operator.  [R. 24, 172].

Plaintiff also argues that she cannot perform the lifting requirements of light work. Even if the record fully supported that assertion, the vocational expert identified sedentary jobs which can be performed with the added restriction of only occasional overhead lifting. *Id*.

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."  *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted).  The ALJ cited several grounds, tied to the evidence, to support his finding that Plaintiff's statements about her abilities are not entirely credible.  The ALJ noted the gaps in Plaintiff's treatment history, conservative treatment of her complaints throughout the relevant time frame, lack of medication side effects, inconsistency between allegations and objective medical evidence, and her reports of daily activities that are inconsistent with allegations of disabling pain. [R. 22-23].  The ALJ thus properly linked his credibility finding

4

to the record, therefore the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

## Conclusion

The Court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence. Therefore the Commissioner's denial of benefits is AFFIRMED.

SO ORDERED this 2nd day of July, 2013.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE